# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>HENRIQUE RODRIGUEZ GUILLEN<br><br>APPLICATION FOR AN ORDER DIRECTING DISCOVERY IN AID OF A FOREIGN PROCEEDING, PURSUANT TO 28 U.S.C. § 1782 | Case No.<br><br>**AFFIDAVIT IN SUPPORT OF APPLICATION UNDER 28 U.S.C. § 1782 FOR AN ORDER DIRECTING DISCOVERY IN AID OF FOREIGN PROCEEDINGS** |

1. I, Jeffrey W. Gutchess, under 28 U.S.C. § 1782, declare as follows:

2. I am the founding partner of AXS Law Group, PLLC, and counsel for Applicant Henrique Rodriguez Guillen ("Applicant Rodriguez"). I respectfully submit this Affidavit in support of this Application under 28 U.S.C § 1782 for an order directing discovery in aid of foreign proceedings ("Application").

3. This Declaration is based on my personal knowledge or my review of relevant documents and records cited herein or attached hereto.

4. This Application seeks discovery from Bank of America, N.A. ("Bank of America") for use in Dominican Republic and Barbados proceedings.

5. These proceedings arose from HES (Caribbean) International Holdings, S.R.L. ("HES")'s and its related entities' and representatives' (collectively, "the HES Defendants") misrepresentations in connection with the purchase of a hotel and an adjacent commercial plaza in the Dominican Republic known as Silver Sun Gallery ("the Property").

6. HES, through a related entity, entered into a loan agreement on January 31, 2019 to purchase the Property.

7. Thereafter, HES representatives Juan Jose Delgado and Francisco Arocha began luring Applicant Rodriguez to invest in the Property, ultimately succeeding.

8. Applicant Rodriguez was defrauded into believing that his money would be used to purchase the Property and that the Property would be part of the Embassy Suites franchise.

9. As a result of the HES Defendants' misrepresentations, Applicant Rodriguez transferred to bank accounts in the name of HES's related entities a total of $6,050,000.00 and attempted to transfer additional funds.

10. Unbeknownst to Applicant Rodriguez, the HES Defendants signed on June 26, 2019 an agreement terminating the contract for the purchase of the Property and agreeing to pay a penalty of $3,000,000.00 in addition to costs and expenses, thereby conclusively terminating their ability to purchase the Property.

11. Even after having signed the June 26, 2019 agreement terminating their ability to purchase the Property, the HES Defendants continued to fraudulently ask Applicant Rodriguez to send them additional money to complete the purchase of the Property.

12. HES, however, never purchased the Property.

13. Upon learning that the Property had not been purchased, Applicant Rodriguez asked that the money he transferred in escrow for the purchase of the Property be returned.

14. To date, Applicant Rodriguez's escrowed funds have not been returned.

15. The Property, the seller, and the bank receiving the funds for the purchase are located in the Dominican Republic.

16. Applicant Rodriguez retained Jose Martinez Hoepelman, a lawyer in the Dominican Republic, to assist him in obtaining the return of the escrowed funds.

17. Applicant Rodriguez submitted a criminal complaint to a prosecutor in the Dominican Republic alleging fraud and money laundering against HES's related entities and representatives. *See* Affidavit of M. Rivera, attached as **Exhibit 1**.

18. In accordance with the legal process in the Dominican Republic, Applicant Rodriguez included a claim for civil damages in his criminal complaint.

19. The prosecutor's office in the Dominican Republic is currently investigating Applicant Rodriguez's claim.

20. Applicant Rodriguez thus seeks this Court's assistance in obtaining responses to a subpoena directed to Bank of America requesting records tracing the transfer and location of Applicant Rodriguez's funds as well as any related information in their possession to support the criminal claim he filed in the Dominican Republic.

21. Bank of America served as the intermediary bank in New York for Banco Multiple BHD Leon, S.A. in Santo Domingo, Dominican Republic, and handled wire transfers in this case. *See* SWIFTs reflecting wire transfers showing New York's Bank of America N.A. handling the transfer of funds, attached as **Composite Exhibit 2**.

22. This Court has jurisdiction over Bank of America because Bank of America's contacts with the Southern District of New York are related to the underlying proceedings at issue in this case. *See* Composite Exhibit 2; *see also*, *e.g.*, printout showing Bank of America's New York offices and ATM locations, attached as **Exhibit 3**.

23. Bank of America's. response to this subpoena will assist Applicant Rodriguez in pursuing in the Dominican Republic his criminal claim with an incorporated civil damages component.

24. Moreover, HES notified Applicant Rodriguez of its intention to sue him in Barbados in connection with the parties' agreement concerning the Property. *See* HES's Verified Application Pursuant to 28 U.S.C. § 1782 For Order to Take Discovery in Aid of Foreign Proceedings and Supporting Memorandum of Law at p. 2, attached as **Exhibit 4**.

25. The response to this subpoena will further assist Applicant Rodriguez in defending HES's threatened Barbados lawsuit.

26. On January 15, 2020, HES filed an Application in the District of New Jersey seeking discovery under 28 U.S.C. § 1782 from The Northern Trust International Banking Corporation ("Northern Trust"), the bank that assisted Applicant Rodriguez's bank, Private Investment Bank Limited, to transfer the funds. *See* Composite Exhibit 2, SWIFT showing Northern Trust's involvement in the transfer of funds; *see also* Exhibit 4, HES's Section 1782 Application filed in NJ seeking discovery from Northern Trust.

27. HES's Section 1782 Application was granted on February 13, 2020. *See* Opinion and Order on *Ex Parte* Petition for Relief Pursuant to 28 U.S.C. § 1782(a), attached as **Exhibit 5**.

28. Applicant Rodriguez is filing contemporaneously with this Application a motion to intervene and join in HES's Application filed in the District of New Jersey as the discovery from Northern Trust and Bank of America is necessary to resolve the dispute between all of the parties involved. *See* Applicant Rodriguez's Motion to Intervene and Join in HES (Caribbean) International Holdings, S.R.L.'s Verified Application Pursuant to 28 U.S.C. § 1782 for Order to Take Discovery in Aid of Foreign Proceedings, attached as **Exhibit 6**.

29. Applicant Rodriguez's proposed subpoena to Bank of America is attached as **Exhibit 7**.

*/s Jeffrey W. Gutchess*
Jeffrey W. Gutchess
