USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  6/29/2020____

nnUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\---------------------------------------------------------------------- x

In Re:                                              :
                                                    :
HENRIQUE RODRIGUEZ GUILLEN                          :
                                                    :        20-MC-102 (ALC)
APPLICATION FOR AN ORDER DIRECTING                 :
DISCOVERY IN AID OF A FOREIGN                       :        OPINION & ORDER
PROCEEDING PURSUANT TO 28 U.S.C. § 1782            :
                                                    :
                                                    :
                                                    :

\---------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Henrique Rodriguez Guillen (hereinafter, "Petitioner") petitions this Court for an order

pursuant to 28 U.S.C. § 1782 requiring Bank of America, N.A. to produce documents for use in

foreign proceedings in the Dominican Republic and Barbados.  For the reasons set forth below,

the § 1782 Petition is hereby **GRANTED**.

## BACKGROUND

This case stems from ongoing and contemplated foreign proceedings in the Dominican

Republic and Barbados in which Petitioner alleges that HES (Caribbean) International Holdings,

S.R.L. and its related entities and representatives (collectively, "HES") stole money from

Petitioner in connection with a failed attempt to purchase a hotel and an adjacent commercial plaza

("the Property"). *See* Application for Order Directing Discovery ("Petition") (ECF No. 1) at 2.

According to Petitioner, he transferred approximately $6,050,000 to HES's related entities in

connection with the purchase of the Property. *Id.* at 4.  However, HES terminated the contract for

the purchase and never returned Petitioner's funds.  Petitioner submitted a criminal and civil

complaint to the prosecutor's office in the Dominican Republic. *Id.* at 2.  Petitioner intends to

initiate a lawsuit in the Dominican Republic while HES intends to initiate a lawsuit in Barbados.

*Id.* at 3.

In connection with HES's intended lawsuit, HES filed an application for a ex parte order pursuant to 28 U.S.C. §1782(a) requiring Northern Trust International Banking Corporation ("Northern Trust") to produce documents for use in foreign proceedings.   After careful consideration, the District Court in New Jersey granted this request. *See Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, No. 20-CV-506, 2020 WL 728892, at *4 (D.N.J. Feb. 13, 2020).  On April 22, 2020, the District Court in New Jersey also granted Mr. Rodriguez's (i.e., Petitioner in this case) motion to reopen the case, intervene, and join in HES's application to take discovery from Northern Trust. *See* Order, *In re: HES (Caribbean) Int'l Holdings, S.R.L.*, No. 20-CV-506, ECF No. 11 (April 22, 2020).

Petitioner filed the instant application on February 18, 2020. ECF No. 1.  In this application, Petitioner requests an order authorizing his counsel to issue a subpoena *duces tecum* to Bank of America, N.A. to produce documentary and testimonial evidence that would aid in tracking and tracing Petitioner's funds. *See* Petition at 4–5.  Specifically, Petitioner seeks wire transfer records and related documents, and a proposed subpoena is attached to the Petition. *See* Petition, Exhibit 7 (ECF No. 1-10).

## LEGAL STANDARD

"In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

### I.   **Statutory Factors**

A district court is authorized to grant a § 1782 request when: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application

is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Id.* These three statutory factors must be met in order for a district court to have the authority to grant a § 1782 request.

## II.    Discretionary Factors

If a petition satisfies the statutory factors, a court must utilize its discretion and determine whether granting the petition will comport with the "twin aims of the statute," namely "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Children's Investment Fund Foundation (UK)*, 363 F. Supp. 3d 361, 367–69 (S.D.N.Y. 2019); *see Schmitz v. Cernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004). This analysis is governed by the test promulgated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The four *Intel* factors are:

1) Whether the person from whom discovery is sought is a participant in the foreign proceeding, in which event the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;

2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

3) Whether the § 1782(1) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

4) Whether the request is unduly intrusive or burdensome.

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (citing *Intel*, 542 U.S. at 264–65). If a § 1782 petition satisfies the statutory requirements and the discretionary *Intel* factors, a district court may grant the petition.

## DISCUSSION

I. **Statutory Factors**

The instant Petition meets each of the statutory factors. First, Bank of America is "found" in this district because the bank has significant activity, owns properties, has numerous office locations, and maintains facilities in the district. *See* Memorandum of Law in Support of Application Under 28 U.S.C. § 1782 ("Pet. Memo") at 8. Moreover, the bank branch and personnel that handled the relevant transactions are located in this district. *Id.* Based on this, and the other evidence set forth in Petitioner's Memorandum of Law and the exhibits attached thereto, the Court finds that compelling Bank of America to provide discovery "comport[s] with constitutional due process." *Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, 2018 WL 679884, at *2 (S.D.N.Y. Jan. 29, 2018) (internal quotations omitted). This conclusion is in line with that of other courts in this district. *See, e.g.*, *In re Aso*, No. 19-MC-190, 2019 WL 2345443, at *3 (S.D.N.Y. June 3, 2019) ("Based on the evidence that was provided, the Court finds that [Bank of America, N.A. is] found in the Southern District of New York."); *In re Application of Hornbeam Corp.*, No. 14-MC-424, 2014 WL 8775453, at *3 (S.D.N.Y. Dec. 24, 2014) (same).

Second, the discovery sought is for use in ongoing and contemplated civil and criminal proceedings in the Dominican Republic and Barbados. § 1782 comes into play not only when proceedings are "pending" or "imminent," but also when they are "within reasonable contemplation." *Intel Corp.*, 542 U.S. at 259 (2004). Reasonable contemplation means that "the

4

applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015). In this case, Petitioner submitted a criminal complaint with an incorporated civil damages claim to the prosecutor's office in the Dominican Republic, and the criminal complaint formally initiated legal proceedings and an investigation in the Dominican Republic. "[I]f the prosecutor or private accuser concludes that there is evidence to support a crime, trial will commence." *In re Mangouras*, No. 17-MC-172, 2017 WL 4990655, at *2 (S.D.N.Y. Oct. 30, 2017). The discovery sought is also "for use" in the foreign proceedings and would assist Petitioner in pleading and proving receipt of the allegedly stolen funds by HES. *See Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) ("The plain meaning of the phrase 'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail.") (citation omitted). Accordingly, the second statutory factor is met.

Third, Petitioner is an "interested person" because he will be a party to the contemplated lawsuit seeking the return of the allegedly stolen funds, and he maintains a stake in the outcome of the criminal investigation in the Dominican Republic. *See Intel*, 542 U.S. at 256 (noting that "[t]he text of [Section] 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant'" and includes those who "possess a reasonable interest in obtaining [judicial] assistance.").

II.   **Discretionary Factors**

The balance of the discretionary factors also supports granting the Petition. Without additional information, factor one is neutral. Although Bank of America is not a party or participant in the Dominican Republic proceedings, Petitioner does not provide evidence

indicating that Bank of America is beyond the jurisdictional reach of the Dominican Republic court.[1] Factor two supports granting the petition, because there is no evidence to suggest that the courts in either the Dominican Republic or Barbados would be unreceptive to the discovery sought in the petition. *See In re XPO Logistics, Inc.*, No. 15-MC-205, 2017 WL 2226593, at *6 (S.D.N.Y. May 22, 2017), *aff'd*, 2017 WL 6343689 (S.D.N.Y. Dec. 11, 2017) ("The Court of Appeals has stated that district courts 'should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.'") (citing *Euromepa S.A. v. Eserian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995)). Factor three supports granting the petition, because there is no indication that the request attempts to circumvent foreign proof-gathering restrictions or other policies of the Dominican Republic, Barbados, or United States. Petitioner is not required to exhaust his discovery options in foreign courts, *see Mees*, 793 F.3d at 303, and he is not using this discovery request as a vehicle to obtain discovery for a contemplated civil action in the United States, *cf. In re Postalis*, No. 18-MC-497, 2018 WL 6725406, at *6 (S.D.N.Y. Dec. 20, 2018).

Finally, factor four supports granting the petition because the request is neither unduly intrusive or burdensome. In evaluating the fourth factor, courts apply the standards of Rule 26 of the Federal Rules of Civil Procedure. *See Mees*, 793 F.3d at 302. Rule 26 limits discovery to "nonprivileged material that is relevant to any party's claim or defense and proportional to the

---

[1] Petitioner asserts that "the Dominican Republic court does not have jurisdiction to obtain the requested discovery," but provides no support for this statement. Pet. Memo at 10. The district court in New Jersey considered a similar argument made in HES's § 1782 and concluded that "[i]t is unclear why Petitioner asserts that the Barbados and Dominican courts would not have jurisdiction over Northern Trust. Without more information as to any potential limitations regarding jurisdiction that may exist as to Northern Trust in the Actions, the Court finds this discretionary factor weighs against Petitioner's application." *Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, 2020 WL 728892 at *3. While Petitioner similarly does not provide support for this proposition in this case, the Court nevertheless concludes that the first discretionary factor is neutral because Bank of America is not a participant in the ongoing or contemplated proceedings in Barbados or the Dominican Republic.

needs of the case." FED. R. CIV. P. 26(b)(1).  On its face, Petitioner's request is not overly burdensome or intrusive.  Bank of America should be able to search for and produce the records of wire transfers without significant burden, and these records (and testimonial evidence related to the records) are directly relevant to Petitioner's allegations of theft and money laundering. Moreover, the scope of the topics and documents requested in Petitioner's proposed subpoenas (ECF No. 1-10; Exhibit 7) are sufficiently narrowly tailored to the relevant issues. *See In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 39 (2d Cir. 2017) ("[I]t was not outside of the range of permissible decisions for the district court to conclude that documents showing the wire transfers made by and to LAP and its affiliates through U.S. banks could be used to establish the extent of [Petitioner's] lost profits following termination of the contract.").[2]

## CONCLUSION

The Petition satisfies the statutory requirements of § 1782, and the balance of the discretionary factors articulated in *Intel Corp.*, 542 U.S. at 264 support granting the Petition. Accordingly, the Petition (ECF No. 1) is hereby **GRANTED**.  Petitioner shall issue and serve a subpoena substantially in the form of the proposed subpoena (ECF No. 1-10; Exhibit 7) on Bank of America, along with a copy of this Opinion & Order.

**SO ORDERED.**

Dated:  June 29, 2020
         New York, New York

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

---

[2] To the extent the request needs further tailoring, "[o]nce Petitioner serves the requested subpoena, [Respondent Bank] will have the opportunity to seek an order from this Court modifying or quashing the subpoena." *Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, 2020 WL 728892 at *4.